TYACK, P.J., dissenting.
 

 {¶ 63} I simply do not find an evidentiary basis for a gang specification in this case. I, therefore, dissent.
 

 {¶ 64} Three young African-American men were in the area of a store. They liked rap music, perhaps even "Gansta Rap." This tells you nothing but the fact that they were young African-American men.
 

 {¶ 65} One of the men had a red bandanna hanging out of his pocket. This could be an indicator that he is in a so-called gang with a distant affiliation with the Los Angeles gang known as Bloods. I worry that the mere fact certain young African-American males who like to socialize or hang out in a group made them a gang member in some minds.
 

 {¶ 66} I am not sure what qualifies someone to be considered an "expert in criminal gangs," let alone what qualifies that person to testify as to who is a member of a particular so-called gang. A detective with the Columbus division of police felt he could testify as to the existence of the James & Livingston Hot Boys as a gang and Nishawn Glenn-Coulverson as a member. However, Detective Best clearly testified that there were no other members of the James & Livingston Hot Boys present when the shooting occurred.
 

 {¶ 67} No one who testified at trial knew or knows why the shooting occurred. The
 idea that the shooting was gang related is pure speculation, and pure speculation cannot be the basis for a criminal conviction.
 

 {¶ 68} The State of Ohio, by throwing in the gang specification, got away with putting a lot of prejudicial testimony before the jury. The fact that Glenn-Coulverson referred to another man as a "homey" tells you nothing other than they could be considered friends. There was no legitimate basis for the testimony that the "homey" Robert Broom was convicted of involuntary manslaughter as part of the trial of Glenn-Coulverson. The testimony had minimal to no relevance and was highly prejudicial. The same is true about the testimony concerning Ted Vanhed and his crimes.
 

 {¶ 69} In short, I would sustain the first and fifth assignments of error. Because the majority does not, I dissent.